IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER CARROLL LIVELY, )
AIS #291731,                  )
                              )
    Petitioner,               )
                              )
    v.                        )        CASE NO. 1:23-cv-00029-BL
                              )
CHADWICK CRABTREE, et al.,    )
                              )
    Respondents.              )

**MEMORANDUM OPINION AND ORDER**

## I.      INTRODUCTION

Christopher Lively, an inmate proceeding *pro se*, filed a Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1).  Respondents filed an answer

asserting that Lively's claims are barred by the applicable one-year statute of

limitations.  (Doc. 11).  The court issued an order requiring Lively to show cause

why his petition should not be dismissed for timeliness (doc. 11), and Lively filed

a response addressing the issue of timeliness (doc. 13).  Upon consideration of the

parties' filings and for the reasons below, the court concludes that an evidentiary

hearing is not warranted.  Accordingly, it is **ORDERED** that Lively's § 2254

Petition is **DENIED**, and this case is **DISMISSED** with prejudice.

## II.   PROCEDURAL BACKGROUND

Following Lively's conviction in 2013 in the Circuit Court of Dale County, Alabama, on charges of first-degree rape, first-degree sodomy, second-degree rape, second-degree sodomy, and incest, he filed a timely direct appeal of his conviction, which was affirmed in a memorandum decision by the Alabama Court of Criminal Appeals on March 6, 2015. (Doc. 10-3). Lively did not petition the Alabama Supreme Court for certiorari review, and the Court of Criminal Appeals issued a certificate of judgment on May 6, 2015. (Doc. 1 at 2; Doc. 10-4). At the time, Lively had already filed his first Rule 32 petition, and it was pending when the Alabama Court of Criminal Appeals issued its certificate of judgment in his direct appeal. (Doc. 10-6). When the Rule 32 petition was denied by the circuit court (doc. 10-6 at 17–23), Lively appealed, and on April 22, 2016, the Alabama Court of Criminal Appeals affirmed. (Doc. 10-8). Lively petitioned for a writ of certiorari to the Alabama Supreme Court, which was denied, and a certificate of judgment was issued on August 12, 2016. (Docs. 10-9, 10-10).

Lively filed his second Rule 32 petition on July 3, 2017. (Doc. 10-12 at 35). It was dismissed by the circuit court, and on May 17, 2019, the Court of Criminal Appeals issued an opinion affirming the dismissal. (Doc. 10-14). Lively petitioned for a writ of certiorari to the Supreme Court of Alabama; it was denied

2

without opinion, and a certificate of judgment was issued on July 3, 2019. (Doc. 10-16).

Lively filed a third Rule 32 petition on May 7, 2020. (Doc. 10-18 at 9). The circuit court denied the petition, and on August 20, 2021, the Alabama Court of Criminal Appeals affirmed the dismissal. (Doc. 10-20). He then petitioned the Alabama Supreme Court for a writ of certiorari, which was denied, and a certificate of judgment was issued on March 4, 2022. (Docs. 10-21, 10-22).

Lively submitted the instant petition, his first petition seeking a writ of habeas corpus, on January 8, 2023.[1]

## III.    DISCUSSION

### A.    Timeliness under the AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Although the petition was docketed on January 12, 2023, Lively signed the petition on January 8, 2023, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.    Computation of Timeliness

In most cases, a § 2254 petition must be filed within one year of the date on which the state court's judgment becomes final, either by the conclusion of direct review or by the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298–99 (11th Cir. 2006).  In this case, the Alabama Court of Criminal Appeals affirmed the circuit court's ruling on direct appeal on March 6, 2015.  (Doc. 10-3).  Lively did not apply for a rehearing or seek certiorari review in the Alabama Supreme Court, and the Court of Criminal Appeals issued a certificate of judgment on May 6, 2015.  (Doc. 10-4).  Thus, for purposes of § 2244(d)(1)(A), Lively's judgment became final on

May 6, 2015. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006) (noting conviction became final on date Alabama Court of Criminal Appeals issued certificate of judgment when petitioner did not petition for certiorari review in Alabama Supreme Court).

At the time, because Lively's first Rule 32 petition was pending, the statute of limitations was tolled until August 12, 2016, when a certificate of judgment was issued on the petition. (Doc. 10-10). Lively filed a second Rule 32 petition on July 3, 2017 (doc. 10-12 at 35), which again tolled the limitations period, but by then 325 days of the one-year statute of limitation had elapsed. The certificate of judgment on the second Rule 32 petition was issued on July 3, 2019 (doc. 10-16), giving Lively 40 days from that date—or until August 12, 2019—to file a timely § 2254 petition. He filed a third Rule 32 petition on May 7, 2020; however, because his AEDPA statute of limitations had already expired, this third petition did not further toll the statute of limitations.

Because Lively filed the instant habeas petition on January 8, 2023, almost three and a half years after the AEDPA statute of limitations expired, he is not entitled to habeas review absent statutory or equitable tolling.

### C.    Lively's Arguments Regarding Timeliness

Lively's petition contains a statement asserting that it was timely filed. (Doc. 1 at 20 (stating that his last petition for writ of certiorari to the Alabama

5

Supreme Court was denied on March 4, 2022, and that his § 2254 petition was filed "in a timely manner")). However, with his petition, Lively also submitted a "response" addressing the issue of timeliness and arguing that an "impediment" prevented him from filing sooner. (Doc. 2 at 3, 6–7). In that response, Lively explains how, upon his arrival at Limestone Correctional Facility in 2012, an inmate told him not to "observe" AEDPA rulings or their petitions would be dismissed. *Id.* at 6. He describes this inmate as "a governmental appointed, law-clerk with only an eighth grade education" who erroneously told inmates to "avoid all AEDPA rulings." *Id.* at 7. Lively also asserts that, while this inmate was the "appointed" law clerk, the habeas corpus books in the library went missing and that his facility's law library was shut down from August 2020 until November 2022. *Id.* at 6–7.

He goes on to explain that he now has the assistance of the "newly appointed" law clerk, who is also "untrained in the law" (doc. 2 at 3) but who, upon the re-opening of the law library:

> discover[ed], basically the one year limitations to the U.S.C. § 2254, under the rules of § 2244, is the basic foundation of the 365 limitations and exceptional ruling pursuant to "impediment" and its standards. The prior law clerk's [erroneous conclusions] of law, has deprived many inmates in this dorm, of the federal laws, in accordance to books also coming up missing, the Habeas Corpus Books. And sold to other inmates, unknown to the ones doing appeals. This was just discovered the 23 of December 2022. As the books were returned to the now, new Protective Custody Law-Library.

6

*Id.* at 6. In his response, Lively provides no details about the date on which the habeas materials allegedly went missing, but he argues he was prevented from filing the instant § 2254 petition by the "impediment of a governmental appointed law clerk with only an eighth-grade education" who gave erroneous information and allowed the habeas books to be stolen on his watch.[2]  *Id.* at 7.

Later, in response to the court's show cause order on the issue of timeliness, Lively reiterated that he received erroneous information about the AEDPA, that the law library was shut down from August 2020 until November or December 2022, and that the habeas materials went missing from the library.  (Doc. 13). However, he claimed that the habeas materials had been stolen, "presumably" by the law clerks (*id.* at 2), and hoarded by a "mental" inmate for five to six years until December 23, 2022, when the inmate "got tired of them laying around" (*id.* at 2–3).  He further asserted that the law clerk who told him to "ignore AEDPA

---

[2] While the "response" filed with Lively's petition addressed the issue of timeliness, the purpose of the filing was to argue that his petition should not be barred as a successive petition under Rule 9 of the *Rules Governing 2254 Cases in the United States District Courts*.  *See* doc. 2 ("Petitioner's Response as to Why His Petition Should Not be Barred Under Rule 9").  The court's records show that the instant petition is Lively's first § 2254 petition; however, Lively claims that he previously submitted a § 2254 petition to this court but never received a response. *Id.* at 2.  In July 2021, Lively filed a brief with the Alabama Court of Criminal Appeals indicating that, sometime after July 3, 2019, he submitted a § 2254 petition in federal court because he had exhausted his state remedies and that he was "further await[ing] an answer from the Court." (Doc. 10-19 at 10, ¶ 25).  Lively later discovered that he had mailed his § 2254 to the wrong address. (Doc. 2 at 7).  In Lively's response to the court's show cause order, he states that he filed the § 2254 petition on June 18, 2020 (doc. 13 at 1), approximately ten months after his statute of limitations expired.

rulings" was "placed in charge by the state" (*id.* at 1), making him a "state actor" who impeded the timely filing of the instant petition (*id.* at 2).[3]

### D.  Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations can be statutorily tolled under 28 U.S.C. § 2244(d)(1)(B), (C), or (D) if unlawful state action impeded an inmate from filing a timely § 2254 petition; his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or facts supporting his claims could not have been discovered earlier by exercising due diligence.  Lively argues that he is entitled to statutory tolling under subsection (B) because the events outlined above constitute state action that impeded the timely filing of his habeas petition.  (Doc. 2 at 6–7; Doc. 13 at 2–3).

---

[3] Lively also argues that his legal mail was slow, providing two examples from 2023; that he has not had supplies to file "meaningful documents" with the courts; and that access to the law library was a "constant issue and problem for right at three years" until it was shut down in August 2020.  (Doc. 13 at 1–3).  Lively's statute of limitations ran from August 12, 2016, to July 3, 2017, and again from July 3, 2019, to August 12, 2019; therefore, any difficulties receiving mail in 2023 would not have prohibited him from timely filing a § 2254 petition in August 2019.  Moreover, from July 2017 through January 2021, Lively filed his second Rule 32 petition, which included multiple legal citations, a 20-page addendum, and a 39-page brief with over 40 pages of exhibits (docs. 10-12, 10-13); filed his third Rule 32 petition, which included multiple legal citations, a 14-page addendum, and a 47-page brief with 21 pages of exhibits (docs. 10-18, 10-19); and submitted his first § 2254 petition, albeit to the wrong address (doc. 13 at 1).  Thus, the record does not support Lively's assertions that he lacked adequate supplies to file meaningful documents or that access to the law library was a "constant issue" during that time.

First, Lively has provided no support for his argument that a fellow inmate's conduct, misinforming him about the AEDPA or allowing habeas materials to go missing, triggers tolling under § 2244(d)(1)(B). The "impediment" contemplated by § 2244(d)(1)(B) "requires state action that both 'violat[ed] . . . the Constitution or laws of the United States' and 'prevented [the prisoner] from filing' his federal petition." *Johnson v. Fla. Dep't of Corr.,* 513 F.3d 1328, 1331–32 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(B)). Lively cites no legal authority holding that a fellow inmate's conduct constitutes "state action" for purposes of statutory tolling. In fact, even if Lively had received erroneous advice from a state-appointed attorney, the conduct would not qualify as state action under § 2244(d)(1)(B). *Id.* at 1331 (noting that, even when the state appoints counsel for an inmate, "incompetent" performance by appointed counsel "is not the type of State impediment envisioned in § 2244(d)(1)(B)") (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), and citing *Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1301 (11th Cir. 2007) (reaffirming that failure of court-appointed attorney to "file more promptly [for state post-conviction relief does not qualify] as an impediment" created by state action)).

Lively's lack of access to the library also does not constitute an impediment under these facts. As the Eleventh Circuit has held:

> "[T]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States,* 204 F.3d

> 1086, 1090 (11th Cir. 2000). Rather, "[t]he inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Id.* That is, a prisoner may demonstrate actual injury by establishing that prison officials' actions actually deterred his pursuit of a "non-frivolous post-conviction claim or civil rights action." *See Al–Amin v. Smith,* 511 F.3d 1317, 1332–33 (11th Cir. 2008).

*Stephen v. United States*, 519 F. App'x 682, 683–84 (11th Cir. 2013). Lively's allegations regarding access to the library and missing habeas materials were not made under penalty of perjury; therefore, he has offered nothing more than unsworn, speculative, and conclusory assertions that the library's materials were stolen "presumably" by the "state-actor" law clerks and sold to an inmate who hoarded them for five or six years. *See* docs. 2, 13. Conclusory statements are insufficient to establish statutory tolling.[4] However, even taking his allegations as true, Lively has not shown that illegal state action *actually deterred* him from pursuing his § 2254 petition.

---

[4] *See, e.g.*, *Dixon v. Sec'y, Dep't of Corr.*, No. 8:16-CV-512-T-35JSS, 2017 WL 11913919, at *2 (M.D. Fla. Feb. 15, 2017) (conclusory statement that petitioner "was impeded and prevented [from] access[ing] the law library by prison officials" held insufficient to show statutory tolling warranted in part because petitioner failed to describe how impediment precluded his filing a petition); *Smith v. McNeil*, No. 4:08-CV-40-SPM-EMT, 2008 WL 2756405, at *3 (N.D. Fla. July 14, 2008), *report and recommendation adopted*, No. 4:08-CV-40-SPM-WCS, 2008 WL 4616602 (N.D. Fla. Oct. 13, 2008), *adhered to on reconsideration*, No. 4:08-CV-40-SPM-WCS, 2009 WL 331586 (N.D. Fla. Feb. 6, 2009) (finding conclusory allegation that inmate was denied access insufficient to establish that state-created impediment prevented inmate from filing federal petition, as he failed to include "specific factual allegations or evidence showing when request was submitted, to whom, nature of the request (that is, whether he requested specific legal materials from the library or physical access thereto), and whether he pursued additional administrative remedies to obtain access to the library").

Lively claims that his law library was shut down in August 2020, but that was more than one year after his statute of limitations expired. He claims that he received erroneous information about the AEDPA and that federal habeas materials went missing from the law library; however, he admits that he learned of the AEDPA in 2012 upon his arrival at Limestone and describes no efforts to discover the applicable statute of limitations.[5] He also has not established that the missing habeas books or library access were necessary to file a petition or discover the statute of limitations. Indeed, he filed one § 2254 petition without the habeas materials, and the federal petition form sets out the statute of limitations in 28 U.S.C. § 2244(d) and specifically instructs petitioners not to include legal argument or citations to legal authority. *See* doc. 1 at 6, 14. Lively makes no showing that he attempted to obtain the federal petition form—or any federal habeas materials—from prison officials; that prison officials were aware of the missing habeas books; or that prison officials refused to provide him with a form petition or federal habeas materials. Thus, Lively's allegations do not establish that state officials actually deterred him from filing a timely petition. *See Campbell v. Forniss*, No. 2:09-CV-392-MHT, 2012 WL 896259, at *4 (M.D. Ala. Jan. 24, 2012), *report and recommendation adopted*, No. 2:09-CV-392-MHT,

---

[5] Moreover, *pro se* litigants are deemed to know of the AEDPA's one-year statute of limitations. *See Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

2012 WL 896381 (M.D. Ala. Mar. 16, 2012) (finding inmate's claim that he did not have adequate assistance within prison law library "not [to be] the type of State impediment envisioned in § 2244(d)(1)(B)" and noting that inmate failed to show causal connection between conduct of prison officials and late filing, in part because he failed to allege that he attempted to make himself aware of filing deadline) (citation omitted); *Pritchett v. McNeil*, No. 3:09-CV-96-LAC-EMT, 2010 WL 1957399, at *2 (N.D. Fla. Apr. 16, 2010), *report and recommendation adopted*, No. 3:09-CV-96-LAC-EMT, 2010 WL 1957391 (N.D. Fla. May 14, 2010) (finding no causal connection between late filing and institutional transfers or delay in sending legal documents, as petitioner failed to show materials were necessary to file federal habeas petition; the only documents arguably necessary were brief on direct appeal, post-conviction motion and amendments, and trial court's rulings, which were on file with state court but which petitioner made no showing of trying to obtain); *see also Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (stating that, because petitioner could have learned about alleged state-created impediment and "obliterated [its] adverse effects," the alleged impediment did not prevent him from the timely filing).

Accordingly, the Court finds that Lively is not entitled to statutory tolling under § 2244(d)(1)(B).

12

### E.    Equitable Tolling

The AEDPA's limitation period may be equitably tolled when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). The United States Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). A petitioner must establish both diligence and extraordinary circumstances to be entitled to equitable tolling. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006).

In determining whether "extraordinary circumstances" exist, courts analyze "the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Id.* at 1253 (citing *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001), and *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)). To

establish diligence when invoking equitable tolling based on a lack of access to the prison law library, an inmate "must provide details of the specific actions taken toward filing the petition." *Id.* (citing *Helton*, 259 F.3d at 1314).   Without evidence showing when he found out about the library's alleged deficiencies, that he made independent efforts to determine the relevant limitations period, and how prison officials "thwarted his efforts," "the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient." *Id.* (quoting *Helton*, 259 F.3d at 1314).

Lively has established neither extraordinary circumstances nor diligence. With respect to extraordinary circumstances, a lack of training in the law—for Lively or the inmates giving him assistance—is not a basis for equitable tolling. The Eleventh Circuit has repeatedly held that ignorance of the law is not grounds for equitable tolling.  *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (holding that lack of legal education and ignorance of the law are not excuses for failing to file in a timely fashion and further noting that, "[a]s with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations'") (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007)); *see also Wallace v. United States*, 981 F. Supp. 2d 1160, 1164 (N.D. Ala. 2013) (noting that "[n]either miscalculation of the limitations period, nor ignorance of the law, constitutes an extraordinary circumstance that would justify equitably

14

tolling of the statute of limitations") (citing *Miller v. Florida*, 307 F. App'x 366 (11th Cir. 2009) (lack of education) and *Wainwright v. Sec'y, Dept. of Corr.*, 537 F.3d 1282, 1286 (11th Cir. 2007) (legal confusion)).

Likewise, Lively's lack of access to the law library does not constitute an extraordinary circumstance warranting equitable tolling. *See Miller*, 307 F. App'x at 368 ("even restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances"). As mentioned above, Lively's law library was allegedly locked down in August 2020, but by then his statute of limitations had expired. His state court filings from July 2017 through January 2021 demonstrate that access to the law library was not a problem for Lively, even during the lockdown. Concerning the habeas materials that Lively asserts were missing from the law library for five or six years, nothing in the record establishes that those specific materials—whatever they may be—were his only means of determining the AEDPA's statute of limitations. The federal habeas petition form sets out the AEDPA's statute of limitations. Lively knew about the AEDPA as early as 2012, and he has not alleged that he lacked access to habeas forms or that he could not correspond with the Court and obtain a form—indeed, he submitted one petition before filing the instant petition, albeit to the wrong court after the statute of limitations expired. Thus, Lively has failed to show that inadequacies in his prison law library constitute extraordinary

15

circumstances justifying equitable tolling.[6] *See, e.g.*, *Jackson v. McLaughlin*, No. 17-11474-B, 2017 WL 4844624, at \*2 (11th Cir. July 12, 2017) (stating that "restricted access to a law library, lock-downs, and solitary confinement do not qualify as extraordinary circumstances to warrant equitable tolling") (citing *Akins*, 204 F.3d at 1089–90); *Paulcin v. McDonough,* 259 F. App'x 211 (11th Cir. 2007) (finding transfer to county jail and denial of access to legal papers and law library did not constitute extraordinary circumstances); *Bell v. Sec'y, Dep't. of Corr.*, 248 F. App'x 101, 104–105 (11th Cir. 2007) (holding that inability to access prison law library was not extraordinary circumstance beyond his control that prevented him from timely filing his habeas petition despite his due diligence); *Sanchez v. United States*, 170 F. App'x 643, 647 (11th Cir. 2006) (holding that prison lockdown, which precluded access to the law library during the time in which he was preparing his motion, was not an extraordinary circumstance, given that inmate had nearly eleven months prior to lockdown to prepare petition); *Wallace,* 981 F. Supp. 2d at 1165 (holding that insufficient access to law library while in state custody did not constitute extraordinary circumstances as "institutional transfers, periods of confinement under more restrictive conditions than general

---

[6] Additionally, even taking Lively's unsworn allegations as true, if the habeas materials were missing for "five or six years" before being returned to the law library in November 2022, it does not explain the time period from August 2016, when Lively's statute of limitations began to run, to the date the habeas materials went missing (November 2016 if the materials were missing for a full six years or November 2017 if they were missing for only five years).

population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are usual incidents of prison life") (quoting *Neal v. McNeil,* No. 3:09-CV-23-MCR-EMT, 2010 WL 298294, at *8 (N.D. Fla. Jan. 15, 2010); *Cutts v. Jones,* Civil Action No. 1:06-CV-256–MHT, 2009 WL 230091, at *7 (M.D. Ala. Jan. 30, 2009) ("[N]either an alleged inadequate prison law library nor limited access thereto establishes extraordinary circumstances warranting equitable tolling of the limitation period.").

Finally, even if Lively could establish the existence of extraordinary circumstances, he cannot demonstrate diligence in pursuing his federal claims, as his filings lack the necessary specificity to show what—if anything—he did to remedy the problem of the missing habeas materials or discover the AEDPA's statute of limitations. Lively alleges that he did not know the books were missing until December 2022. Again, however, he admits that he knew about the AEDPA as early as 2012, but he does not allege that he made independent efforts to obtain federal habeas materials or learn about the statute of limitations or that prison officials hindered his efforts. Thus, the record evidence is insufficient to support a connection between Lively's untimely filing and any alleged inadequacies in the prison library. Without this connection, Lively cannot establish that he pursued his rights diligently. *See Helton*, 259 F.3d at 1314 (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (noting that inmate provided no specificity about the

steps he took to pursue his federal claims and holding it is not enough to say the facility "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate")); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (affirming dismissal of § 2254 petition as time-barred, in part because "[petitioner] asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *Bell v. Sec'y, Dep't of Corr.*, 248 F. App'x at 104–05 (affirming dismissal of § 2254 petition as time-barred in part because "there [was] no record evidence that **before** the limitations period expired, [petitioner] diligently attempted to determine the applicable limitations period (by, for example, attempting to access the prison law library) or that prison officials thwarted his efforts") (emphasis in original).

Accordingly, the court finds that Lively is not entitled to equitable tolling.

## IV.    CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

18

debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon*, 479 F.3d at 1300 (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Reasonable jurists would not debate that Lively's petition is time-barred under § 2244(d)(1)(A). Reasonable jurists also would not debate whether Lively is entitled to statutory or equitable tolling of the limitations period. Accordingly, it is **ORDERED** that the Petitioner is not entitled to a certificate of appealability. 28 U.S.C. § 2253.

## V.    CONCLUSION

For the reasons set forth above, it is **ORDERED** that Lively's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1) is **DENIED** without an evidentiary hearing as time-barred and that this case be **DISMISSED** with prejudice.

19

Final judgment will be entered separately.

**DONE** and **ORDERED** on this the 9th day of March, 2026.

_____
BILL LEWIS
UNITED STATES DISTRICT JUDGE

20